Jack L. LOSEE, Jr., Appellant,

v.

David R. DEARINGER, DMPD, and William Trimble, DMPD, Appellees.

No. 89–2006.

United States Court of Appeals, Eighth Circuit.

Submitted July 27, 1990.

Decided Aug. 3, 1990.

---

Jack L. Losee, Jr., pro se.

Bruce E. Bergman, Des Moines, Iowa, for appellee.

Before ARNOLD, BOWMAN, and MAGILL, Circuit Judges.

PER CURIAM.

Jack L. Losee, Jr., an Iowa prisoner, appeals from the District Court's [1] dismissal of his 42 U.S.C. § 1983 (1982) complaint on the basis that appellees, police officers, were entitled to qualified immunity. We affirm.

Losee was convicted as a felon in possession of a firearm after police officers Dearinger and Trimble stopped the car in which he was a passenger, found shotgun shells in his pocket during a pat-down search, and discovered shotguns in the car. Prior to trial, Losee lost a motion to suppress this evidence. He also objected to the introduction of the evidence at the bench trial, over which a different judge presided, but was overruled. The Iowa Court of Appeals reversed Losee's conviction, however, after finding that appellees did not have a rea-

sonably articulable suspicion on which to base the investigatory stop of the car. *State v. Losee*, 353 N.W.2d 876, 879 (Iowa Ct.App.1984). Losee then filed this action for damages claiming his Fourth Amendment rights had been violated. The District Court found appellees were entitled to qualified immunity, concluding it could not hold that appellees should have known their actions were improper when two judges trained in the law found their actions constitutionally permissible.

We agree with the District Court that under the facts of this case, appellees were entitled to qualified immunity. Appellees are liable for damages only if the contours of the Fourth Amendment were sufficiently clear, in the light of pre-existing law, that appellees should have known their actions were unlawful. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). In making this determination, the District Court did not err in assigning considerable weight to the pretrial and trial judges' findings that the evidence seized should not be suppressed. We note that these findings were made after argument in which both sides had an opportunity to present evidence. The situation here thus is quite different from that in *Malley v. Briggs*, 475 U.S. 335, 345, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986), in which the Supreme Court rejected the argument that an officer's *ex parte* application for a warrant was per se objectively reasonable merely because a judicial officer issued the warrant.

Police are permitted to make investigatory stops and to conduct limited searches for weapons when, in light of their experience, they reasonably believe that criminal activity may be afoot, and that the suspects involved may be armed and dangerous. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). The District Court found that appellees observed the car in which Losee was a passenger illegally parked near an

1. The Honorable Donald E. O'Brien, Chief Judge, United States District Court for the Northern District of Iowa.

50

alley which had been used in the past as an escape route for a robbery of a nearby convenience store. When appellees' patrol vehicle approached the car, the car took off. When appellees returned to the area and parked in the alley, they observed the car pull into a parking lot near the convenience store and turn off its lights. Approximately ten minutes later, when appellees received a call on their radio, they pulled out towards the car and it drove off again.

Appellees testified they regarded the occupants of the car as robbery suspects because there had been robberies in the area in the past; they had been illegally parked near an alley which had been used in past robberies; and they left the area and came back, parking behind a business which was closed. The officers believed the occupants of the car saw their patrol vehicle before moving on. We believe the car's movement in and out of the area after becoming aware of the presence of police, combined with parking illegally near the alley and behind a closed business, with no apparent justification for being in either place, reasonably led appellees to believe that Losee and his companion may have been planning to commit a robbery.

When the suspected crime is robbery, it is reasonable to infer that the suspects may be armed and dangerous. In addition, the record shows that once the car was stopped, the butt of a shotgun protruding from under the car seat was in plain view. In these circumstances, a reasonable officer would consider it permissible to conduct a pat-down search and to seize the shotgun shells and weapons from the car.

The judgment of the District Court is affirmed.